## LOAIZA *v.* CABALLERO.

APELACIÓN procedente de la Corte de Distrito de San Juan.

No. 59.—Resuelto en abril 4, 1904.

ACCIÓN—PRUEBAS.—La prueba de las acciones incumbe al que las ejercita.

DIVORCIO—ALLANAMIENTO DE LA ESPOSA A LA DEMANDA—ABANDONO—CONSENTIMIENTO MUTUO.—El allanamiento de la esposa a una demanda de divorcio, manifestando categóricamente que hace más de tres años abandonó el hogar conyugal, sin que durante ese tiempo haya dirigido ni siquiera la palabra a su esposo, a causa de disgustos y celos que siempre existían entre ellos, integradas esas manifestaciones por las declaraciones de dos testigos, no deben interpretarse en el sentido de existir consentimiento recíproco y mutuo de las partes para el divorcio, sino en el de constituir todos esos actos realizados conscientemente y sostenidos con tenaz voluntad, el abandono que, como causa de divorcio, establece el artículo 164 del Código Civil.

COSTAS.—El allanamiento del demandado, su confesión en juicio y su incomparecencia ante el tribunal de apelación, son hechos que justifican la imposición de costas conforme a equidad.

### EXPOSICIÓN DEL CASO.

*Vistos* estos autos promovidos en la corte de este distrito, entre partes de una, como demandante, Don Francisco Loaiza González, casado, mayor de edad y vecino de Río Piedras dirigido y representado en esta Superioridad por el abogado Don Sandalio Torres Monge, y de la otra el Fiscal y Doña Mauricia Rosario Caballero, que no ha comparecido, y por tal razón, se ha seguido la sustanciación del recurso en los estrados sobre divorcio, autos pendientes ante nos en virtud de recurso de apelación interpuesto por Loaiza contra la sentencia pronunciada, que copiada a la letra dice así:

"*Sentencia.* En la ciudad de San Juan de Puerto Rico a 19 de mayo de 1903. *Visto* en juicio oral y público (*) los presentes autos declarativos sobre divorcio, seguidos entre partes, de una como demandante, Don Francisco Loaiza González, casado, mayor de edad y vecino de Río Piedras, representado por el abogado Don Sandalio Torres Monge, y de la otra como demandada, Doña Mauricia Rosario Caba-

116

llero, conocida por Mariana, de 30 años de edad, casada y vecina de Río Piedras, y en su nombre, el abogado Don José C. Rodríguez Cebollero, sin que consten las demás generales de las partes.

"1. *Resultando:* que en el mes de septiembre de 1902, el abogado Don Sandalio Torres, en la representación que ostenta, dedujo demanda de divorcio contra la esposa de su representado, fundándola en los siguientes hechos: que en 2 de diciembre de 1889 contrajeron matrimonio canónico demandante y demandada, en el pueblo de Río Piedras; que el matrimonio vivió en completa paz durante los 10 primeros años, reinando la mejor inteligencia entre los cónyuges, los que consagraban a sus hijos las mayores solicitudes; que esta armonía duró hasta que los celos de la esposa trajeron la discordia al hogar conyugal, el cual abandonó, yéndose a vivir a la casa paterna, desde hace más de dos años y que en vista de que la esposa persistía en sus propósitos de abandono, se intentó, sin efecto, el acto de conciliación ante el juzgado municipal de Río Piedras, solicitando que, previos los trámites legales, se declarase con lugar la demanda, con las costas a la demandada, si a ella se opusiere.

"2. *Resultando:* que subsanados ciertos defectos, se admitió la referida demanda y se confirió traslado de ella a la demandada y al Ministerio Fiscal, contestándola a nombre de aquélla el abogado Rodríguez Cebollero, admitiendo como ciertos los hechos relacionados en la demanda; pero manifestando que si bien es cierto el hecho del abandono desde hace más de cuatro años, no lo es menos que obedeció a fundados motivos entre ellos, las repetidas ausencias por períodos más o menos largos del esposo durante los cuales quedaban la esposa e hijos en el mayor adandono, careciendo hasta de lo más indispensable para la subsistencia; notarse en el esposo una falta de apego hacia aquellas personas, lo que unido a los malos tratos de palabra, la obligaron a abandonar la casa matrimonial como remedio para poner término a sus sufrimientos, allanándose, a pesar de estas consideraciones, a la demanda presentada en los términos en que aparecía formulada.

"3. *Resultando:* que convocadas las partes a una comparecencia verbal para proponer las pruebas de que intentasen valerse en pro (*) de sus respectivas pretensiones, sólo concurrió el demandante, quien propuso la de confesión y testifical, pruebas que fueron declaradas pertinentes por providencia de 4 de febrero último y mandadas a practicar con citación de la parte contraria.

"4. *Resultando:* que en el acto del juicio oral declararon los testigos Alejandro Saavedra: que hace más de tres años que la esposa

(del demandante) abandonó el hogar conyugal a consecuencia de disgustos por celos que tenían ambos; que los dos se separaron tirando cada uno por su lado y levantando la casa; que él hace dos años que vive en Mayagüez y ella en Río Piedras; Manuel Rivera Ramírez, que la esposa (del actor) abandonó a su marido hace dos o tres años, marchándose él a Mayagüez cuando la mujer le abandonó y que ignora las causas de esta separación; Benito Rivera, que hace más de tres años que mutuamente se separaron, levantando el hogar doméstico; que esto obedeció a disgustos que continuamente tenían.

"5. *Resultando:* que en el citado acto del juicio oral la demandada, absolviendo posiciones, dijo: que hace más de tres años que la declarante abandonó el hogar conyugal sin que durante ese tiempo haya dirigido ni siquiera la palabra a su esposo, y que esto obedeció a los disgustos y celos que siempre existían entre ellos.

"6. *Resultando:* que terminadas las pruebas, y después de haber informado los abogados defensores, el tribunal dictó sentencia declarando sin lugar la demanda con las costas a la parte actora.

"7. *Resultando:* que en la sustanciación de este litigio se han guardado las reglas del procedimiento.

"*Visto:* siendo ponente el Juez Asociado Mr. Frank H. Richmond.

"1. *Considerando:* que si en toda clase de juicio es obligación del demandante probar de una manera plena y cumplida la acción que ejercita, lo es mucho más en pleitos que, como los de divorcio, afectan al estado civil de las personas, circunstancia por la que debe desestimarse por insuficiente la prueba practicada en el acto del juicio oral, pues de las declaraciones de los tres testigos examinados, no se justifica más sino que las partes se separaron por consentimiento mutuo y con motivo de varios disgustos que ocurrieron entre los dos.

"2. *Considerando:* que si bien el abandono por más de un año es una de las causas que admite para el divorcio el artículo 164 del Código Civil vigente, en su apatado 5º., tal abandono no debe confundirse (*) con la separación mutua más o menos motivada de los cónyuges, no siendo una separación de consentimiento recíproco y mutuo, el abandono legal en que puede fundarse la disolución judicial del matrimonio.

"3. *Considerando:* que el litigante cuyas pretensiones sean totalmente desestimadas, debe ser condenado en costas.

"*Visto* el artículo citado y demás del Código Civil, los de la Ley de Enjuiciamiento Civil aplicables al caso y la Orden General No. 118 de 1899.

"*Fallamos:* que debemos declarar y declaramos sin lugar la presente demanda, y en su virtud debemos absolver y abolvemos de ella a la demandada, con las costas a la parte actora.

"Así por ésta nuestra sentencia, definitivamente juzgando, lo pronunciamos, mandamos y firmamos: Juan Morera Martínez, Frank H. Richmond, José Tous Soto."

*Resultando:* que contra la anterior sentencia interpuso Don Francisco Loaiza González recurso de apelación, y elevados los autos a esta Corte Suprema, previa citación y emplazamiento de las partes, se personó la apelante, quien evacuó el trámite de instrucción en el período oportuno, evacuándolo en los estrados la parte apelada.

*Resultando:* que el Fiscal, al cumplir con igual trámite, se adhirió al recurso por las razones alegadas en su escrito.

*Resultando:* que señalado día para la vista se celebró ésta y la parte apelante y el Fiscal sostuvieron *in voce* la necesidad de la revocación de la sentencia recurrida.

Abogado del apelante: *Sr. Torres Monge.*

Abogado del Pueblo: *Sr. del Toro, Fiscal.*

La parte apelada no compareció.

El Juez Asociado Sr. Figueras, después de exponer los hechos anteriores, emitió la opinión del tribunal.

*Aceptando* los resultandos de la referida sentencia, y

*Considerando:* que si es indiscutible que al actor incumbe la prueba de su acción, en el presente caso se ha cumplido con ese esencial requisito, toda vez que la demandada se allanó a la demanda, y absolviendo posiciones manifestó (*) categóricamente que hace más de tres años abandonó el hogar conyugal, sin que durante ese tiempo haya dirigido ni siquiera la palabra a su esposo, y que tal actitud obedeció a disgustos y celos que siempre existían entre ellos, manifestación que sustancialmente se encuentra integrada por las declaraciones de dos testigos que atribuyen el abandono a la esposa Doña Mauricia Rosario Caballero.

*Considerando:* que no se trata aquí de una separación de

consentimiento recíproco y mutuo, como se expresa en el segundo fundamento de derecho de la sentencia apelada, sino que, por el contrario, se ha demostrado que la esposa miró con indiferencia y desvío a la persona de su esposo, dejándolo sólo por más de dos años en el hogar que ambos constituyeron, olvidándose ella del matrimonio que les obligaba a vivir unidos en ánimo y bajo un mismo techo, constituyendo todos esos actos realizados conscientemente y sostenidos con tenaz voluntad por parte de la esposa, el abandono a que se refiere el No. 5 del artículo 164 del Código Civil reformado.

*Considerando:* que el allanamiento de ésta a la demanda, su confesión en el juicio y su incomparecencia ante esta superioridad, son hechos que deciden al tribunal a resolver sobre las costas conforme a equidad.

Vistas las disposiciones citadas, los artículos 358, 364 y 371 de la Ley de Enjuiciamiento Civil, la regla 63 de la Orden General No. 118, serie de 1899, y la Ley de la Asamblea Legislativa de 12 de marzo de 1902.

*Fallamos:* que revocando la sentencia apelada que dictó la Corte de Distrito de San Juan en 19 de marzo del año anterior, debemos declarar y declaramos con lugar la demanda de divorcio y en su consecuencia disuelto el matrimonio que en dos de diciembre de mil ochocientos ochenta y nueve contrajeron Don Francisco Loaiza González y Doña Mauricia Rosario Caballero, sin hacer expresa condenación de las costas de ambas instancias.(*)

Jueces concurrentes: Sres. Presidente Quiñones, y Asociados Hernández, Sulzbacher y MacLeary.